UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80147-ROSENBERG

SARAH ANN STRATEMEYER,

    Plaintiff.

v.

NORTHSTAR CONSTRUCTION
MANAGEMENT COMPANY, INC.,
et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE**

**THIS CAUSE** comes before the Court on Defendants' Motion in Limine at docket entry 26. The Court has reviewed Defendants' Motion [DE 26], Plaintiff's Response [DE 27], Defendants' Reply [DE 28], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion in Limine is **DENIED WITHOUT PREJUDICE**.

### I.    BACKGROUND

This is a personal injury action arising out of a rear-end collision that occurred on or about August 7, 2019. DE 1-1 at ¶¶6-8. Plaintiff brings negligence claims against Defendant Kyle Thomas Plilar and his employer, Defendant Northstar Construction Management Company, Inc. on theories of direct and vicarious liability. *Id.* at ¶¶9-15. Plaintiff alleges damages for her bodily injuries and, among other harm, her "loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." *Id.* at ¶12.

At the time of the incident, Plaintiff was enrolled as a nursing student at Renaissance Health Institute. DE 26 at 1; *see* DE 27 at 3. Over two years later, in January 2022, Plaintiff "failed her nursing school exit exam, a necessary step to becom[ing] a nurse." DE 27 at 3; *see* DE 26 at 3. Plaintiff "relates that failure to the mild traumatic brain injury that she [allegedly] suffered" as a result of the incident. DE 27 at 3. To support her case, Plaintiff has disclosed that she intends to call two experts, Dr. Craig H. Lichtblau and Dr. Julianne Frain, to testify at trial. DE 26 at 2. Dr. Lichtblau is a "physical medicine and rehabilitation doctor" who is expected to testify about Plaintiff's future medical costs, disabilities, and life expectancy due to the crash. *Id.* Dr. Frain is a "vocational rehabilitation expert" who is expected to testify about loss of ability to earn money due to her injuries. *Id.* Both experts are expected to testify that the subject incident caused Plaintiff to fail her exit exam. *Id.* at 3.

On December 8, 2023, Defendants filed this Motion in Limine to "preclude Dr. Lichtblau and Dr. Frain from offering opinions regarding the Plaintiff's alleged inability to pass her nursing school exit exam and from being permitted to relate her test failure in January 2022 to the subject accident in August 2019." *Id.*

## II.     THE PARTIES' ARGUMENTS

Defendants argue that Dr. Lichtblau's and Dr. Frain's opinions regarding Plaintiff's ability to pass her nursing school exit exam should be excluded because they are "confusing, purely speculative, and lacking in factual bases." *Id.* at 10. Defendants seemingly cite Federal Rule of Evidence 403 as the basis for exclusion, although they do not invoke the Rule in their analysis. *Id.* at 3-10. Defendants point to the following facts in support of their position: (1) neither expert took into account the overall passage rate of the exit exam (about 35 percent) when determining what caused Plaintiff's inability to pass, which could confuse the jury; (2) in her deposition, Dr. Frain

2

conceded that Plaintiff could have failed the exam even if the incident had not occurred; and (3) in his deposition, Dr. Lichtblau first stated that he believed Plaintiff would never pass the exam, then later amended his testimony to state that it would be "difficult" for her and that he could not say whether it was likely or not, as this would cause him to "speculate in a court of law." *Id.* at 6-10.

Plaintiff responds to these arguments by contending that Plaintiff's classmates' exam results are irrelevant to Plaintiff's failure of the exam. DE 27 at 4.  Additionally, Plaintiff argues that Dr. Frain's concession does not help Defendants, as "virtually anything is possible under a separate set of facts, i.e., no accident." *Id.*  Plaintiff argues that Defendants' arguments are more suited for cross examination, rather than an evidentiary ruling. *Id.* at 5.  Plaintiff also notes that Defendants make no *Daubert*-related arguments in their Motion. *Id.* at 2; *see Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993).

### III.   ANALYSIS

#### A.   Rule 403

Excluding evidence under Rule 403 "is an extraordinary remedy which should be used sparingly." *U.S. v. King*, 713 F.2d 627, 631 (11th Cir. 1983); *U.S. v. Edouard*, 485 F.3d 1324, 1344, n.8 (11th Cir. 2007).  The balance should be struck in favor of admissibility. *U.S. v. Stapleton*, 39 F.4th 1320, 1332 (11th Cir. 2022).  When assessing a Rule 403 motion, "courts must look to the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact." *Aycock v. R.J. Reynolds Tobacco Company*, 769 F.3d 1063, 1069 (11th Cir. 2014).  However, "expert testimony may be assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such

evidence against its potential to mislead or confuse" more so than for lay witnesses. *U.S. v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004).

Here, Defendants' arguments, on their face, do not convince the Court that the probative value of Dr. Lichtblau's and Dr. Frain's would be substantially outweighed by the danger of unfair prejudice or confusion. Expert testimony regarding Plaintiff's lost future earnings is highly probative of the level of damages owed. Additionally, the Court is not able to determine the level of unfair prejudice that the experts' testimony may pose, as no party cited to or attached the expert reports which will be the basis of the experts' testimony or medical records upon which the experts' relied in developing their conclusions. Instead, Defendants only referred to the experts' depositions. Therefore, at this time, the Court remains unpersuaded that it should employ this "extraordinary remedy" without evidence of further risk of unfair prejudice.

  B. Daubert *Analysis*

Although Defendants have styled this Motion as a Rule 403 issue, Defendants' arguments directly challenge the reliability of Plaintiff's experts—a *Daubert* inquiry. Therefore, the Court construes Defendants' arguments as invoking Federal Rule of Evidence 702 and the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc. See* 509 U.S. 579 (1993).

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
>  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>  (b) the testimony is based on sufficient facts or data;
>
>  (c) the testimony is the product of reliable principles and methods; and

4

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702 and *Daubert*, expert testimony is admissible only if it is both reliable and relevant. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). Expert testimony is admissible, *i.e.* reliable and relevant, under Rule 702 if "(1) the expert is qualified to testify regarding the subject of the testimony; (2) the expert's methodology is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or determining a fact at issue." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1304 (11th Cir. 2014) (internal quotation marks and citation omitted). These criteria are known as "qualification, reliability, and helpfulness." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

Trial courts must act as "gatekeepers" to ensure that expert opinions meet the standards for admissibility and that "speculative and unreliable opinions do not reach the jury." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005). The proponent of expert testimony bears the burden of establishing qualification, reliability, and helpfulness by a preponderance of the evidence. *Hendrix ex rel. G.P. v. Evenflo Co., Inc*. (*Hendrix II*), 609 F.3d 1183, 1194 (11th Cir. 2010).

Because the parties have not properly briefed the *Daubert* (or Rule 702) inquiry, the Court **DENIES** Defendants' Motion without prejudice. The Court recognizes that this issue is very likely to come up at trial. However, this is a fact-intensive inquiry that is not suitable for an oral motion at trial, particularly when such a motion would result in extensive delay and additional service time by a jury. As a result, this Court exercises its discretionary case management authority to **REQUIRE** that this issue be addressed now, prior to trial. The Court **ORDERS** the parties to file a new Motion in Limine fully addressing this issue and the *Daubert* standard, including all relevant

documents such as medical records and expert reports. Defendants' Motion shall be filed by **February 6, 2024**. Plaintiff's Response shall be filed by **February 20, 2024**. Defendants' Reply shall be filed by **February 26, 2024**. In the event Defendants do not file a motion in limine on this subject by **February 6, 2024**, the Court will not permit this issue to be raised at trial and any motion at trial on this subject may be denied for lack of timeliness and for failure to comply with the Court's case management schedule set forth in this Order.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion in Limine [DE 26] is **DENIED WITHOUT PREJUDICE** as more fully set forth in this Order.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida this 30th day of January, 2024.

_____
HONORABLE ROBIN L. ROSENBERG
United States District Judge

Copies provided to Counsel of Record