UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80147-ROSENBERG

SARAH ANN STRATEMEYER,

        Plaintiff.

v.

NORTHSTAR CONSTRUCTION
MANAGEMENT COMPANY, INC.,
et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Disqualify Counsel at docket entry 35. The Court has reviewed Plaintiff's Motion [DE 35], Defendants' Response [DE 45], both parties' Supplemental Memoranda [DE 59, 60] and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Disqualify is **DENIED**.

        **I.**        **BACKGROUND**

This is a personal injury action arising out of a rear-end collision that occurred on or about August 7, 2019. DE 1-1 at ¶¶ 6-8. Plaintiff brings negligence claims against Defendants Kyle Thomas Pliler and Northstar Construction Management Company, Inc. for bodily injuries and, among other harm, her "loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." *Id.* at ¶¶ 9-15.

Four years before the accident at issue in this case ("the 2019 accident"), Plaintiff was involved in a separate car accident on July 28, 2015, ("the 2015 accident") after which she sought legal representation. DE 35 at 2. In August 2015, Plaintiff retained John Chiocca, Esq., of Chiocca

& Chiocca. *Id.* Mr. Chiocca sent a demand letter to Geico related to the 2015 accident on August 19, 2015. *Id.* at 3. Four days later, on August 23, 2015, Mr. Chiocca referred the matter to Alan Belluccio of Keller, Keller & Caracuzzo, as Mr. Chiocca's father had been admitted to an intensive care unit. Transcript at 13:17-14:16. Mr. Chiocca joined Cole, Scott & Kissane, P.A. ("CSK") in early November 2015. *Id.* at 20:16-19. Mr. Chiocca is currently a partner at CSK. DE 35 at 5; Transcript at 6:20-25.

On January 31, 2024, Plaintiff's Counsel became aware of Mr. Chiocca's employment at CSK, which represents Defendants in the instant matter. *See* DE 35 at 4. On February 15, 2024, Plaintiff filed a Motion to Disqualify Counsel, alerting the Court that Mr. Chiocca previously represented Plaintiff after the 2015 accident. *See* DE 35. Plaintiff argued that CSK should be disqualified from representing Defendant under Rules 4-1.9 and 4-1.10 of the Rules Regulating the Florida Bar, which govern conflicts of interest of former clients. *See id.* Defense filed a Response. DE 45. Plaintiff did not file a Reply.

On February 26, 2024, the Court set an evidentiary hearing on the Motion. DE 48. The parties appeared for the hearing on March 18, 2024. Both parties provided expert witnesses on the Rules Regulating the Florida Bar. *See* DE 56, 57. Both experts agreed that the Rule at issue should be Rule 4-1.10(b), which neither party had briefed. Therefore, the Court ordered the parties to file supplementary briefing on Rule 4-1.10(b) before the Court ruled on the Motion. *See* DE 58. The parties filed their supplemental briefs on March 22, 2024. DE 59, 60.

## II.    THE PARTIES' ARGUMENTS

In her Motion, Plaintiff argues that CSK has violated Rules 4-1.9 and 4-1.10 of the Rules Regulating the Florida Bar by representing Defendants, who are materially adverse to Plaintiff. *See* DE 35. Specifically, Plaintiff contends that Rule 4-1.9 bars Mr. Chiocca from representing

2

Defendants and that Mr. Chiocca's conflict is imputed to the entire firm of CSK under Rule 4-1.10. DE 35 at 6-7. To prove that a conflict exists, Plaintiff argues that (1) an attorney-client relationship existed between Plaintiff and Mr. Chiocca; and (2) the 2015 and 2019 accidents and litigation are substantially related. *Id.* at 7. In their Response, while Defendants agree that Mr. Chiocca represented Plaintiff, Defendants argue that the two cases are not substantially related under Rule 4-1.9. DE 45 at 9-11.

At the evidentiary hearing, both parties' ethics experts relied upon a different subsection of the Rule, 4-1.10(b), in their analysis of the matter. *See* Transcript at 42:22-43:2 (confirming that Plaintiff's expert, Juan Carlos Arias, based his opinion on Rule 4-1.10(b)); Transcript 78:20-81:9 (confirming the same for Defendants' expert, Jan Jacobowitz). The Court therefore ordered the parties to brief their arguments as to this subsection. *See* DE 58. In her Supplemental Brief, Plaintiff argues that Defense Counsel violated Rule 4-1.10(b) because (1) Mr. Chiocca, as the sole attorney of Plaintiff at the time, undoubtedly acquired confidential information about Plaintiff; and (2) as in Rule 4-1.9, the 2015 and 2019 accidents and litigation are substantially related. DE 60 at 1-2. In Defendants' Supplemental Brief, Defendants argue that Plaintiff has failed to meet its evidentiary burden of proof under Rules 4-1.9 and 4-1.10 because Mr. Chiocca is not involved in the current action and "has no knowledge of confidential information from [the] 2015 automobile accident that is material to the instant action that could not otherwise be obtained from medical records." DE 59 at 1-2.

When asked by the Court at the end of the hearing, Plaintiff's Counsel stated that they believe *both* Rule 4-1.9 and Rule 4-1.10(b) apply to the matter at issue, despite their expert's testimony. Transcript at 100:4-9. Defense Counsel stated that "only 1.10(b) is applicable." *Id.* at 100:12-13.

### III. LEGAL STANDARD

Disqualification is a harsh remedy that courts should rarely impose. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006); *see First Impressions Design & Mgmt., Inc. v. All That Style Interiors, Inc.*, 122 F. Supp. 2d 1352, 1355 (S.D. Fla. 2000) ("[D]isqualification of a party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly"). Two sources of authority govern motions to disqualify: (1) "the local rules of the court in which the[ parties] appear"; and (2) "federal common law . . . because motions to disqualify are substantive motions affecting the rights of parties." *Herrmann*, 199 F. App'x at 752. Southern District of Florida Local Rule 11.1(c) states that "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar." Furthermore, "the Florida Rules of Professional Conduct[1] provide the standard for determining whether counsel should be disqualified in a given case." *Young v. Achenbauch*, 136 So. 3d 575, 580 (Fla. 2014). The movant "bears the burden of proving the grounds for disqualification." *Herrmann*, 199 F. App'x at 752.

### IV. ANALYSIS

As a threshold matter, the Court determines that analysis of the instant matter falls under Rule 4-1.10(b) of the Rules Regulating the Florida Bar. First, both parties' experts agreed that this Rule is on point. *See* Transcript at 42:22-43:2; Transcript 78:20-81:9. Additionally, both parties refer to several cases indicating that when a lawyer moves from one firm to another, Rule 4-1.10(b) applies. *See Residences at Eur. Vill. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 3:19-cv-1490, 2020 WL 2114679 (M.D. Fla. 2020) (applying Rule 4-1.10(b) to determine whether a law firm should be disqualified where an attorney previously served as plaintiff's counsel at a different firm, moved to

---

[1] The Florida Rules of Professional Conduct comprise Chapter 4 of the Rules Regulating the Florida Bar.

4

the firm at issue representing defendant in the same matter, but did not represent defendant himself); *see also Bancor Grp., Inc. v. Rodriguez*, No. 1:22-cv-20201, 2023 WL 2954463 (S.D. Fla. Apr. 13, 2023), at *8; *RJSG Props., LLC v. Marbella Condo. Devs., LLC*, No. 3:08cv302, 2009 WL 3581637 (N.D. Fla. Oct. 28, 2009), at *6-7. Therefore, the Court proceeds with its analysis under Rule 4-1.10(b).

>  Rule 4-1.10(b) states:
>
>  (b) <u>Former Clients of Newly Associated Lawyer</u>. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

R. Regulating Fla. Bar 4-1.10(b).  The Comment to Rule 4-1.10 states:

> Application of subdivisions (b) and (c) depends on a situation's particular facts. In any inquiry, the burden of proof should rest on the firm whose disqualification is sought.
>
> Subdivisions (b) and (c) operate to disqualify the firm only when the lawyer involved has actual knowledge of relevant information protected by rules 4-1.6 and 4-1.9(b) and (c). Thus, if a lawyer while with 1 firm acquired no knowledge or information relating to a particular client of the firm and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the 2 clients conflict.

Cmt. to R. Regulating Fla. Bar 4-1.10(b).  Therefore, "in order to establish a prima facie case for disqualification, the moving party must show that the newly associated attorney acquired confidential information in the course of the attorney's prior representation." *Scott v. Higginbotham*, 834 So. 2d 221, 223 (Fla. Dist. Ct. App. 2002); *see Gaton v. Health Coal., Inc.*, 745 So. 2d 510, 511 (Fla. Dist. Ct. App. 1999); *Koulisis v. Rivers*, 730 So. 2d 289, 292 (Fla. Dist. Ct. App. 1999).  Only once this burden is met does the burden shift. *Gaton*, 745 So. 2d at 511.  At that time, "[t]he firm whose disqualification is sought must then demonstrate that their new associate has no actual

5

knowledge of any confidential information material to the case." *Id.*; *see Koulisis*, 730 So. 2d at 292. Notably, the matters at issue must also be substantially related. R. Regulating Fla. Bar 4-1.10(b).

In this case, Plaintiff has arguably met her initial burden under Rule 4-1.10(b). The Florida District Court of Appeal for the Second District has held that testimony by attorneys that they were "included in conversations about [a] case . . . during which client confidences were disclosed" is enough to establish a prima facie case for disqualification under Rule 4-1.10(b). *Scott*, 834 So. 2d at 223-24. Persuasive authority also exists at the federal level that declarations or affidavits demonstrating that an attorney had discussions regarding the case at his old law firm is similarly enough to make a prima facie case. *See Bancor Grp., Inc. v. Rodriguez*, No. 1:22-cv-20201, 2023 WL 2954463 (S.D. Fla. Apr. 13, 2023), at *9; *Residences at Eur. Vill. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 3:19-cv-1490, 2020 WL 2114679 (M.D. Fla. 2020), at *4. Here, at the evidentiary hearing, Plaintiff's Counsel examined Mr. Chiocca, where he testified that: (1) he represented Plaintiff in relation to the 2015 accident; and (2) as part of that representation, he engaged in confidential attorney-client communications. Transcript at 7:14-9:14.

Assuming *arguendo* that Mr. Chiocca's testimony is sufficient for Plaintiff to meet her initial burden under Rule 4-1.10(b), Defendants have effectively rebutted her argument. Courts have found that testimony, affidavits, or declarations by an attorney stating that he did not acquire confidential information material to the current case are enough to rebut the movant's prima facie showing. *See Scott*, 834 So. 2d at 224 (finding that the attorney at issue "effectively rebutted [the movant's supportive] testimony by affirmatively stating that he did not acquire any confidential information about the case"); *Residences at Eur. Vill. Condo. Ass'n, Inc.*, 2020 WL 2114679, at *4 (finding defendant sufficiently rebutted plaintiff's showing where an attorney's declaration represented that the attorney did not have any confidential information about the matter that could assist his current

employer or be used to the disadvantage of the plaintiff); *RJSG Props., LLC v. Marbella Condo. Devs., LLC*, No. 3:08cv302, 2009 WL 3581637 (N.D. Fla. Oct. 28, 2009), at *5 ("[A]ssuming *arguendo* that RJSG had established a prima facie case, thus causing the burden to shift to DelGallo, the court nevertheless concludes that he has satisfied it, based on Martin's affidavit in which he completely disavows having acquired any knowledge of material information regarding RJSG's instant claim.").

Here, Defendants have provided evidence sufficient to rebut Plaintiff's showing. During the evidentiary hearing, the following exchange took place between Defense Counsel and Mr. Chiocca:

> Q. Did you acquire any confidential information from your prior representation of Ms. Stratemeyer in 2015, that would impact her claim from the 2019 accident that this lawsuit is based on?
>
> A. Again, I know that -- I would love to give you a direct answer for obvious reasons. I don't have complete information about 2019. I haven't dug into that case, but <u>I cannot fathom what information I could have from the 2015 accident that you would not have the ability to get via discovery that could possibly make any difference in the defense</u>.

Transcript at 27:22-28:7 (emphasis added). In an exchange with the Court, Mr. Chiocca similarly stated that the only information he had was referenced in the demand letter:

> THE COURT: . . . . Was there anything that you had just testified to about, that there was nothing defense counsel would not be able to get via discovery? I just wanted to make sure I understood that part of your testimony.
>
> THE WITNESS: The only thing that I had was this – it wasn't much in the medical records, it's the items that are referenced in the demand. There was no discussion about where to go in the future, what to do. I didn't do this enough. I don't do [motor vehicle accident] work, so I wouldn't have had those conversations.

Transcript at 31:23-32:8. Mr. Chiocca also testified that his only interaction with Plaintiff was a "brief meeting where [he] spoke mainly to her mother," and that "[t]hey sent me a couple records . . . and that was it." Transcript at 31:6-17. Furthermore, Defendants note in their Supplemental Brief that Mr. Chiocca's representation was "limited to a brief time period." DE 59 at 4. Indeed, Mr.

7

Chiocca testified that he sent the demand letter on August 19, 2015, had been retained "maybe a week or so before," and referred the case out to Keller, Keller & Caracuzzo on August 23, 2015. Transcript at 11:20-25, 26:10-14, 13:21-22.  The Court finds that Mr. Chiocca's testimony is credible.  Mr. Chiocca has testified that he did not have any confidential information about the 2015 accident that could assist CSK or be used to the disadvantage of Plaintiff.

As Defendants have effectively rebutted Plaintiff's prima facie case, the Court need not reach the issue of whether the two matters are substantially related.[2]  Therefore, for the foregoing reasons, Plaintiff's Motion is **DENIED**.

### V.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Disqualify Counsel [DE 35] is **DENIED**.  The Court will enter a separate order with respect to new trial and pre-trial deadlines in this matter.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida this 1st day of April, 2024.

_____
HONORABLE ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies provided to Counsel of Record

---

[2] However, the Court notes that it is also unpersuaded that the two matters are substantially related.  The Comment to Rule 4-1.9 states that "[m]atters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the client."  Here, Plaintiff was involved in two distinct car accidents leading to two distinct legal disputes.  Furthermore, Plaintiff has not demonstrated that Defense Counsel's argument involves "attacking" Mr. Chiocca's work.  Indeed, Defense Counsel stated at the hearing, "we do not believe that [we] would be attacking Mr. Chiocca's position . . . because all of the information available [regarding the] 2015 [accident] is whatever the Plaintiff has told him and what we see in the medical records." *See* Transcript at 104:19-25.